UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NICOLE J. GALLAGHER,                                    Civ. Action No.:

        Plaintiff,                                      **COMPLAINT**

   -against-

MOUNTAIN MORTGAGE CORP. and
MARK GROSSMAN,

        Defendants.
-----------------------------------------------------------X

Plaintiff, NICOLE J. GALLAGHER ("Plaintiff"), as and for her Complaint against Defendants, MOUNTAIN MORTGAGE CORP. ("Mountain Mortgage") and MARK GROSSMAN ("Grossman") (collectively, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1.    Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142, of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to her employment with Defendants.

2.    Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.    The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4.    Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

1

## PARTIES

5. Plaintiff is an adult female who resides in Malverne, New York.

6. Plaintiff is an employee of Defendants.

7. Upon information and belief, Mountain Mortgage is a foreign corporation duly authorized to conduct business in the State of New York.

8. Upon information and belief, Mountain Mortgage maintains a principal place of business located at 1435 Morris Avenue, Union, New Jersey.

9. Upon information and belief, Grossman is a resident of the State of New Jersey.

10. Upon information and belief, Grossman is the Chief Executive Officer of Mountain Mortgage.

11. Upon information and belief, Mountain Mortgage has and continues to be owned, operated, and controlled by Grossman.

12. Upon information and belief, at all relevant times, Grossman was and continues to be an owner, shareholder, corporate officer, director, and/or managing agent of Mountain Mortgage.

13. Upon information and belief, at all relevant times, Grossman exercised operational control over Mountain Mortgage, controlled significant business functions of Mountain Mortgage, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Mountain Mortgage in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees, including Plaintiff.

14. Upon information and belief, at all relevant times, Grossman participated in running the daily operations of Mountain Mortgage.

15. Upon information and belief, at all relevant times, Grossman participated in the management and supervision of Plaintiff and her work for Mountain Mortgage.

16. Upon information and belief, Mountain Mortgage and Grossman maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her.

17. As such, Mountain Mortgage and Grossman are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

18. Mountain Mortgage has and continues to be a banking institution duly licensed to originate mortgage loans in New Jersey and Connecticut.

19. Plaintiff has been employed by Defendants from on or about November 1, 2020 to the present.

20. During this time, Plaintiff has worked for Defendants as a loan processor and mortgage loan originator.

21. Plaintiff has and continues to maintain licenses to originate mortgage loans in the States of New Jersey, Connecticut, New York, and Florida.

22. Plaintiff's primary duties have been to process loans and originate loans for the Defendants.

23. Plaintiff has and continues to perform these primary duties for Defendants at her home office located in Malverne, in the County of Nassau and State of New York.

24. During her employment, Plaintiff has worked 7 days a week.

25. During this time, Plaintiff has worked the following schedule: Monday through Friday from 7:00 a.m. to 10:00 p.m. and Saturdays and Sundays for 5 hours each day.

26. During this time, Plaintiff has worked 85 hours each week.

27. During this time, Plaintiff has not been given and has not taken uninterrupted meal breaks in excess of 15 minutes.

28. During the months of November and December 2020, Defendants did not pay Plaintiff any compensation at all despite Plaintiff working 85 hours each week.

29. From on or about January 1, 2022 to the present, Defendants have not paid Plaintiff any compensation at all despite Plaintiff working 85 hours each week.

30. During the entire year 2021, Defendants paid Plaintiff a set weekly salary.

31. During her employment, Defendants have not paid Plaintiff one-and-one half times her regular rate of pay for any hours worked in excess of 40 each week.

32. During this time, Defendants have not paid Plaintiff overtime compensation for any hours that she has worked in excess of 40 each week.

33. Additionally, during her employment, Plaintiff has originated 22 loans for Defendants, 19 of which have closed and funded.

34. Although Plaintiff is supposed to receive 100 basis points for each loan, to date Defendants have failed to pay Plaintiff any commissions at all.

35. During her employment, Defendants have failed to provide Plaintiff with complete and accurate paystubs along with her weekly earnings, as required by NYLL § 195(3).

36. During this time, Defendants have failed to provide Plaintiff with a notice and acknowledgement of pay rate and payday, or any other type of wage notice, at the time of her hiring or at any time thereafter, as required by NYLL § 195(1).

37. Upon information and belief, Grossman has decided the job duties that Plaintiff has performed on a daily basis.

38. Upon information and belief, Grossman has decided the manner in which Plaintiff has been paid.

39. Upon information and belief, Grossman has decided the compensation that Plaintiff has been paid.

40. Grossman has run the day-to-day operations of Mountain Mortgage during Plaintiff's employment.

41. Defendants have managed Plaintiff's employment, including the amount of time she has worked and the rates she has been paid.

42. Defendants have dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

43. Defendants have been aware of Plaintiff's work hours and rates of pay but have failed to pay her the proper wages to which she is entitled under the law.

44. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

45. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

46. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

5

47. Defendant Mountain Mortgage was and is subject to the overtime pay requirements of the FLSA because Defendant Mountain Mortgage is an enterprise engaged in commerce or in the production of goods for commerce.

48. At all times relevant to this Complaint, Defendant Mountain Mortgage had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce.

49. Additionally, Plaintiff is an employee who is engaged in commerce as she has and continues to deal with borrowers who reside in states outside of New York.

50. Upon information and belief, the gross annual volume of sales made or business done by Defendant Mountain Mortgage for the year 2021 was not less than $500,000.00.

51. At all times relevant to this action, Plaintiff has been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

52. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

53. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

54. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

55. However, none of the Section 13 exemptions apply to Plaintiff because she has not met the requirements for coverage under the exemptions during the relevant period of her employment.

56. Defendants have acted willfully and either have known that their conduct has violated the FLSA or have shown a reckless disregard for the matter of whether their conduct has violated the FLSA.

57. Defendants have not acted in good faith with respect to the conduct alleged herein.

58. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

59. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

60. At all times relevant to this Action, Plaintiff has been employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

61. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. § 142-2.2.

62. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

63. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation for the time periods in which she has worked in excess of forty (40) hours a week for Defendants.

64. Plaintiff is not exempt from the overtime provisions of the New York Labor Law during the relevant periods of her employment, because she has not met the requirements for any

7

of the reduced number of exemptions available under New York law.

65. Defendants has acted willfully and either has known that their conduct violated the New York Labor Law or have showed a reckless disregard for the matter of whether their conduct has violated the New York Labor Law.

66. Defendants have not acted in good faith with respect to the conduct alleged herein.

67. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

68. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

69. Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with her wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

70. Through their knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

71. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

8

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTIONS 190, 191, and 198
## FAILURE TO PAY COMMISSIONS AND REGULAR WAGES

72. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

73. As set forth herein, Defendants have failed to pay Plaintiff earned commissions on the mortgage loans that she worked on that closed in her name.

74. During this time, Defendants willfully failed to pay Plaintiff commissions in violation of Article 6 of the NYLL, specifically NYLL § 190 et seq.

75. In addition, Defendants have not paid Plaintiff her regular wages from on or about January 1, 2022 to the current date.

76. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

77. Defendants have acted willfully and either knew that their conduct violated the NYLL or showed a reckless disregard for the matter of whether its conduct violated the NYLL.

78. Defendants have not acted in good faith with respect to the conduct alleged herein.

79. As a result of Defendants' violations of the NYLL and the supporting Regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial and is entitled to recover from Defendants her unpaid commissions, as provided for by the NYLL, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

80. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

81. Defendants willfully failed to furnish Plaintiff with wage notices during her employment, including the date of her hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

82. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

83. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VI
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 19
## FAILURE TO PAY MINIMUM WAGES

84. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

85. At all relevant times to this action, Plaintiff has been an employee of Defendants, and Defendants have been the employer of Plaintiff within the meaning of §§ 2 and 651 of the NYLL and the supporting New York State Department of Labor Regulations.

86. At all relevant times, Plaintiff has been covered by the NYLL.

87. The wage provisions of Article 19 of the NYLL and its supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

88. As set forth herein, during the months of November and December 2020, Defendants regularly and routinely failed to pay Plaintiff wages at the statutory required minimum wage rate, in violation of the New York Minimum Wage Act, Article 19 of the NYLL.

89. Defendants willfully failed to pay Plaintiff wages at the statutory required minimum wage rate, in violation of the New York Minimum Wage Act, Article 19 of the NYLL, specifically NYLL § 652, and the supporting New York State Department of Labor Regulations.

90. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

91. As a result of Defendants' violations of the NYLL and the supporting Regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial and is entitled to recover from Defendants her unpaid minimum wages, as provided for by the NYLL, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

    A.    Declare and find that Defendants committed one or more of the following acts:

        1.    Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

        2.    Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation, commissions, regular wages, and minimum wages;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with accurate wage notices and wage statements;

B. Award compensatory damages, including all overtime compensation, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime compensation due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
February 8, 2022

NEIL H. GREENBERG & ASSOCIATES, P.C.

By: Justin M. Reilly, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
justin@nhglaw.com
nhglaw@nhglaw.com

DocuSign Envelope ID: 71F238B4-FEA7-422B-87C3-FA47FBBF6317

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in Gallagher v. Mountain Mortgage Corp. and Mark Grossman in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
       February 7, 2022

*Nicole J Gallagher*
_____
Nicole Gallagher