# *LEEDS BROWN LAW, P.C.*

One Old Country Road, Ste. 347
Carle Place, NY 11514
516-873-9550

_____*Attorneys at Law*_____

May 19, 2023

Magistrate Judge James M. Wicks
US District Court, EDNY

*Via ECF*

**Re:   Nicole Gallagher v. Mountain Mortgage Corp. and Mark Grossman, 22-cv-00715
Renewed Motion for Settlement Agreement Approval**

Dear Judge Wicks:

      I represent the Plaintiff, Nicole Gallagher ("Gallagher"), in the above matter. As the Court will recall, Gallagher's previous counsel moved for the Court's approval of a settlement agreement via letter motion on May 6, 2022. (DE 9.) This Court rejected the settlement agreement via a Report and Recommendation ("R&R") dated November 22, 2022. (DE 15.) The R&R laid out a number of reasons for the rejection, but provided that, "[t[he parties, if they so desire, should be granted leave to renew the motion for approval of an agreement that conforms with the issues identified in this Report and Recommendation." (Id. at pg. 19.)

      As is detailed below, the Plaintiff believes that the issues identified by the Court in the R&R have been addressed, and hereby requests that the Court approve the revised settlement in accordance with Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), and dismiss this case with prejudice.

    A. Issues Identified in Report and Recommendation

        1. Bona Fides of Dispute

      The R&R held that, "[t]he parties brush the specifics of the FLSA dispute under the rug and focus on reviving their prior unrelated transaction. That is not acceptable. Without a more complete recitation of the parties' dispute, this Court cannot determine 'whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" (DE 15, pg. 8.)

      Attached hereto as Exhibit 1 is the Declaration of Gallagher. ("Declaration.") The Declaration provides a complete recitation of the parties' dispute. It details, *inter alia*, the

1

negotiations surrounding Gallagher's original agreement to purchase Mountain Mortgage Corporation ("MMC") (Declaration, ¶ 3-4), the specifics of the original agreement (Id. at ¶ 5-14), Gallagher's employment with MMC (Id. at ¶ 15-17), issues with an application for change of control with the New York Department of Financial Services (Id. at ¶ 18-29), negotiations surrounding the second agreement to purchase MMC (Id. at ¶ 45-57), and Gallagher's claims regarding the instant wage and hour dispute (Id. at ¶ 30-32). The Declaration also addresses other points of concern raised in the R&R, specifically what portion of the reduced purchase price is in consideration of Plaintiff's FLSA claims (Id. at ¶ 58-62), information on the valuation or appraisal of MMC at the original purchase price of $500,000 vs. the reduced purchase price of $100,000 (Id. at ¶ 4, 6, 58, 60), and the methodology and calculations used to arrive at an estimate of the Plaintiff's wage and hour damages (Id. at ¶ 33-44).

      2. Range of Possible Recovery

The previous motion for approval stated, "Ms. Gallagher's damages in this FLSA action are relatively significant, reaching potentially over $200,000." (DE 9 at pg. 3.) The R&R, however, noted that, "[i]t is inadequate for the parties to summarily provide an unsupported number…Courts in this Circuit routinely demand far more detail, including, at a minimum, each party's 'estimate of the number of hours worked' and 'the applicable wage,' along with 'declarations, affidavits, or exhibits substantiating [each party's] arguments." (DE 9 at pg. 9.) (Citations omitted.)

Gallagher has now provided a detailed breakdown of her range of potential recovery. (Exhibits 2-3.) As can be seen in Exhibits 2 and 3, the most Gallagher could recover in this action is $295,619.07. This figure was reached by calculating her hourly rate and overtime rate based on the pay she received on a weekly basis ($1,752.96) and the number of hours she worked per week (85). It also takes into account what her pay should have been for the periods during which she was not paid at all, pre-judgment interest at 9% per the New York CPLR, liquidated damages, the value of her unpaid commissions claims, and statutory penalties for failing to give proper wage notices and statements.

While Gallagher acknowledges that the likelihood of her recovering this full amount is unlikely (Declaration, ¶ 44), the analysis will assist the Court in evaluating the merits of the proposed settlement.

      3. Reasonableness of Attorney's Fees

The R&R also points out that, "[h]ere, there is no settlement amount earmarked for payment of attorney's fees nor was there anything submitted that describes Plaintiff's fee arrangement. Accordingly, on any renewed motion for approval of the proposed settlement, the attorney's fees issue must be addressed." (DE 15 at 13.)

Gallagher's Declaration addresses the issue of attorney's fees at paragraphs 65-68. As can be seen, Gallagher is paying the undersigned, and her last attorney, on an hourly basis with no contingency component. She did sign a contingency retainer, however, with the attorney who

2

represented her when her Complaint was filed. But that attorney only represented her for a short period of time, and Gallagher paid him for all the time and expenses he had put in up to the point that he was substituted for. Since then, that attorney has not conveyed that he is asserting any lien over Gallagher's recovery.

4. Non-disparagement Provision

The R&R states that, "[t]he non-disparagement clause of the agreement is far too broad and bars Plaintiff from making any negative comments about Defendants without the necessary carve out for truthful statements." To address this issue, the non-disparagement clause in the newly revised settlement agreement (Exhibit 4)[1] has been modified to add the following sentence: "However, any party is allowed to make truthful statements related to or concerning the Litigation." (Id. at ¶ 12.)

5. Confidentiality Provision

Finally, the R&R, "finds the instant confidentiality provision problematic. The parties have not proffered any valid reasons as to why such a restrictive confidentiality provision should be included in the settlement. As such, as presented, the undersigned cannot recommend that the agreement be approved containing this provision as drafted. See Lopez, 96 F. Supp. 3d at 181 ('The Court accordingly will not approve the proposed settlement, at least on the present record, unless the confidentiality . . . provisions . . . are removed or narrowly tailored to allow plaintiffs to discuss their litigation of this case.')." (DE 15 at 16.)

To address the Court's concerns with the confidentiality provision, it has been modified in the revised settlement agreement by adding the following sentence: "However, this confidentiality clause shall not prevent the Parties from discussing the facts underlying, or the settlement of, the Litigation." (Exhibit 4 at ¶ 8.) The provision cannot simply be deleted because the parties had previously agreed to keep certain information regarding the sale of Mountain Mortgage Corp. confidential. The proposed modification seeks to protect that information but allow the parties to discuss anything regarding the wage and hour claims.

B. Conclusion

It is respectfully submitted that the revisions to the proposed settlement agreement, along with the additional information provided in the Declaration and in the exhibits, satisfy the issues identified in the R&R. Therefore, the Plaintiff requests that the Court approve the settlement in accordance with Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), and dismiss this case with prejudice.

---

[1] The revised settlement agreement, in final form, is attached hereto as Exhibit 4. For the Court's convenience, a redlined version of the original agreement is attached hereto as Exhibit 5.

Sincerely,

Andrew Costello

4